was the immediate or proximate cause of the injuries the fruit had sustained, and that it being proved that the efforts of the master in Lisbon to preserve the fruit were made in good faith, and under the advice of experienced and competent persons, and according to the best judgment of the master, the vessel was not responsible for the injuries the fruit received, even if the means used to save it were not the most suitable and well judged; the master was quasi agent for both parties in respect to the cargo found in a perishing condition on board of his ship; and his acts, honestly put forth in the emergency, with the intent to the best interests of all concerned, are to be indulgently considered.

We have looked into the evidence in this case, and although it is contradictory, and, in respect to the time consumed in the repairs at Lisbon, not very satisfactory, we think the weight of it sustained the view of the court below. We admit it is difficult to understand or believe that some three weeks should be consumed at Lisbon in refitting the vessel, when the work could have been done in this port in as many days. And the evidence returned to the commissioner executed in Lisbon explains it fully, not, however, in a manner very creditable to the character or enterprise of the government of Portugal. We are satisfied that the decrees of the court below are right, and should be affirmed.

[NOTE. Both decrees were affirmed by the supreme court on appeals taken by the consignee; it being there held, per Mr. Justice Clifford, that, under all the circumstances, the master exercised reasonable judgment and diligence both in regard to the repairs and the measures taken for the preservation of the fruit. The Collenberg, 1 Black (66 U. S.) 170.]

---

DEBTOR v. The COMET. See Case No. 3,-050.

---

## Case No. 3,717.

DE BUTTS v. BACON et al.

[1 Cranch, C. C. 569.][1]

Circuit Court, District of Columbia. July Term, 1809.

CHANCERY HEARINGS—VIVA VOCE TESTIMONY.

At the hearing of a cause in chancery, the court will not receive viva voce testimony unless to prove an exhibit.

Mr. Swann, for plaintiff, offered, at the hearing, to prove certain papers not made exhibits, and cited the 30th section of the judiciary act of 1789 (1 Stat. 88).

The cause was set for hearing upon the bill, answer, replication, exhibits, and depositions.

C. Lee stated it to be the practice in the federal courts to examine witnesses at the

hearing, and to have the evidence taken down in writing by the clerk.

Mr. Youngs, contra. Where the evidence has been taken in the usual mode by commission, and the cause set for hearing, no evidence taken afterwards can be received unless by consent or the special order of court. Law Va. Nov. 29, 1792, p. 67, § 46; 1 Har. Ch. Pr. 595.

THE COURT refused to suffer viva voce testimony to prove a letter, produced by the plaintiff at the hearing, not being an exhibit referred to by the bill or answer.

THE COURT had some doubt upon the 30th section of the judiciary act of 1789, but as the practice both here and in Maryland has been not to receive the testimony at the hearing, and having so decided in the case of Harper v. Marine Ins. Co. [Case No. 6,088], at the last term, in a full court, they rejected the testimony. See the 12th rule of practice in this court.

[NOTE. On final hearing there was a decree for defendants, which decree was affirmed by the supreme court on appeal. De Butts v. Bacon, 6 Cranch (10 U. S.) 252.]

---

## Case No. 3,718.

DE BUTTS v. McCULLOCH.

[1 Cranch, C. C. 286.][1]

Circuit Court, District of Columbia. March Term, 1806.

DEPOSITIONS—NOTICE OF TAKING.

It is not necessary that the notice of taking a deposition under the act of congress should state the reason for taking it.

E. J. Lee objected to the deposition of Joseph Grant, taken under the act of congress, that the notice did not state the reason of taking it.

THE COURT overruled the objection to the deposition, and suffered it to be read.

---

DE BUTTS (McCULLOCH v.). See Case No. 8,736.

---

## Case No. 3,719.

DE CAMP v. NEW JERSEY MUT. LIFE INS. CO.

[3 Ins. Law J. 89; 21 Pittsb. Leg. J. 162; 4 Bigelow, Ins. Cas. 287.][2]

Circuit Court, S. D. New York. Dec. 22, 1873.

LIFE INSURANCE—SPECIAL AGENT—DELIVERY OF POLICY—CREDIT FOR PREMIUMS—APPLICATION—TRUTH OF REPRESENTATIONS—DEATH FROM INTOXICATING LIQUORS—QUESTION FOR JURY—PROOFS OF LOSS—PHYSICIAN'S CERTIFICATE.

[1. A stranger who procures an application for insurance, and takes it to the insurance com-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [21 Pittsb. Leg. J. 162, and 4 Bigelow, Ins. Cas. 287, contain only a partial report.]